FILED29 JUL '26 15:15USDC-ORE

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Ethan G. Bodell
Special Assistant U.S. Attorney
Ethan.Bodell@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 18, 2026

**Via email**
Lissa Casey
Casey & Keiser Law Firm
132 E. Broadway, Suite 810
Eugene, OR 97401
lissa@casey-lawllc.com

Re: *United States v. Tanyetta Rice*
Case Number: 6:26-cr-00011-MC
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 2 of the Indictment alleging assault of a federal employee, in violation of 18 U.S.C. § 111(a)(1), a Class D Felony.

3. **Penalties**: The maximum sentence is 8 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

Defendant understands that pleading guilty to the charge in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes is practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation or based on facts known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count 2 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, Adult Victim 1 (AV1) was a person designated as a federal employee under 18 U.S.C. § 1114;

Second, defendant forcibly assaulted AV1;

Third, the defendant did so while AV1 was engaged in, or on account of, AV1's official duties; and

Fourth, the defendant made physical contact with AV1.

Defendant admits the elements of the offense alleged in Count 2 of the indictment.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are undisputed:

On or about April 24, 2025, defendant was working as a Service Chief at the Veterans Affairs (VA) Health Care Center in Eugene, Oregon. At the VA facility, during normal working hours, defendant made physical contact with AV1, a federal employee and defendant's subordinate, by using her body weight to pin AV1 between a desk and an adjacent wall. While AV1 was pinned, defendant forcibly pressed her nails into AV1's ribs. The incident left AV1 with pain and bruising on her ribcage.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under USSG § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and

sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

**EARLY RESOLUTION: If defendant agrees to resolve her case prior to the expiration of this offer, the government will agree to recommend an additional one-level reduction.

8. **Advisory Guidelines Calculation**: The parties stipulate and agree to the applicability of the following offense-level calculations on Count 2:

| | | |
|---|---|---|
| (1) USSG § 2A2.3(a)(1) | - Base Offense Level | 7 |
| (2) USSG § 2A2.3(b)(1) | - Bodily Injury to AV1 | +2 |
| (3) USSG § 3E1.1 | - Acceptance of Responsibility | –2 |
| (4) 18 U.S.C. § 3553(a) | - Early Resolution | –1 |
| | | = 6 |

9. **Government's Sentencing Recommendation**: If defendant agrees to resolve her case and demonstrates an acceptance of responsibility as described above, the government will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. § 3553(a), a two-year term of probation and a $100 fee assessment. As a condition of probation, the government will recommend that defendant be prohibited from having direct or indirect contact with AV1 and be prohibited from entering the property of the VA Health Administration Services at 3355 Chad Drive, Eugene, Oregon, 97408, unless prior approval is received from U.S. Probation.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek any downward departures, adjustments, or variances from the sentencing guideline range.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrived at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is

vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by **June 23, 2026, at 5:00 p.m.**

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Ethan G. Bodell*
ETHAN G. BODELL
Special Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

06 / 23 / 2026
Date

TANYETTA RICE
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to enter this agreement and to plead guilty are informed and voluntary ones.

06 / 23 / 2026
Date

Lissa Casey
LISSA CASEY
Attorney for Defendant

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Rice Plea Offer 6-18.pdf |
| **File name** | Rice%20Plea%20Offer%206-18.pdf |
| **Document ID** | a343f5dfd66b26391589515276d9451c81739eb2 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **06 / 23 / 2026**<br>17:23:46 UTC | Sent for signature to Tanyetta Rice (Tanyetta) (tanyetta_rice@yahoo.com) and Lissa L Casey (lissa@casey-lawllc.com) by services@clio.com acting on behalf of jessica@casey-lawllc.com<br>IP: 71.236.221.184 |
| VIEWED | **06 / 23 / 2026**<br>17:28:03 UTC | Viewed by Lissa L Casey (lissa@casey-lawllc.com)<br>IP: 206.192.241.202 |
| SIGNED | **06 / 23 / 2026**<br>17:28:21 UTC | Signed by Lissa L Casey (lissa@casey-lawllc.com)<br>IP: 206.192.241.202 |
| VIEWED | **06 / 23 / 2026**<br>18:52:41 UTC | Viewed by Tanyetta Rice (Tanyetta) (tanyetta_rice@yahoo.com)<br>IP: 159.121.202.141 |
| SIGNED | **06 / 23 / 2026**<br>18:53:11 UTC | Signed by Tanyetta Rice (Tanyetta) (tanyetta_rice@yahoo.com)<br>IP: 159.121.202.141 |
| | **06 / 23 / 2026**<br>18:53:11 UTC | The document has been completed. |

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Rice Plea Offer 6-18.pdf |
| **File name** | Rice%20Plea%20Offer%206-18.pdf |
| **Document ID** | a343f5dfd66b26391589515276d9451c81739eb2 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | Signed |

**This document was requested from app.clio.com**

## Document History
COMPLETED